[No. 6,862.—Department One.]

JULIA A. NEIL, Executrix of the Estate of Wash-
ington Neil, Deceased, *v.* JOHN A. McNEAR et al.

CONSTRUCTION OF STATUTE—PUBLIC LAND—POSSESSORY RIGHTS—EASEMENT—
PETALUMA—SANTA CLARA.—Prior to the passage of the Act of Congress of
March 1st, 1867, granting to the towns of Petaluma and Santa Clara the
lands within their respective limits in trust for the parties in the *bona fide*
occupancy thereof, B. was in such occupancy of a certain tract of land with-
in the former town. He conveyed a portion thereof to H., reserving a right
of way over a certain strip of the land granted. H. entered into the actual
occupation of the whole of the land granted to him, and was in possession
at the date of the passage of the said act, and he received a deed thereof
from the town of Petaluma. He then conveyed to the plaintiff. B. con-
veyed the residue of said tract, together with said right of way, to the
defendant. *Held,* that the Act, and the deed thereunder, did not operate
to destroy but to protect the right of way in the defendant.

APPEAL from a judgment in the Twenty-second District
Court for the County of Sonoma. TEMPLE, J.

The action was brought to quiet the title of the plaintiff to
the land conveyed to the plaintiff by Hopper. The judgment
determined that the defendant, the Petaluma Gas Company,
was entitled to the right of way mentioned in the opinion. The
plaintiff appealed.

After the decision, the appellant filed his petition that the
appeal be reheard in Bank, and the application was denied.

*William D. Bliss*, and *Charles F. Munday*, for Appellant.

The defendant is not entitled to the way claimed by grant
from Baxter, because Baxter never had any title to the prem-
ises. The person who creates an easement by grant must first
have the ownership of the land charged. (*Hoole* v. *Attorney-
General*, 22 Ala. 190 ; *Baugan* v. *Mann*, 59 Ill. 492; *Bushnell*
v. *Scott*, 21 Wis. 450 ; *Doran* v. *C. P. R. R.* 24 Cal. 257.)

Although Hopper acquired possession from Baxter, neither
he nor his grantee is estopped from setting up the subsequently
acquired title under the Act of Congress. (*Holden* v. *Andrews*,
38 Cal. 122.)

*E. S. Lippitt*, for Respondent.

The deed from the town of Petaluma merely perfected the already existing possessory title.

Ross, J. :

The lands included within the limits of the city of Petaluma were a part of an alleged Mexican grant, the title to which was rejected by the United States tribunals. The lands were thus determined to be public lands of the Government of the United States. That portion thereof known as lot 380 according to the Stratton Survey was, in the year 1865, in the actual and exclusive occupancy of one Baxter, who held it by possessory title only. On the 10th of June of that year, and while so possessed, Baxter executed to one Hopper a deed purporting to convey that portion of said lot (then called lot 4, block A, according to Brewster's map of Petaluma), fronting eighty feet on Main street, and extending easterly a depth of one hundred and eighty feet, with a reservation in these words: " Reserving and excepting, nevertheless, a right of way, in common with the party of the second part, over and along the north twenty feet of the premises herein granted,　*　*　*　this reservation and exception to continue only, however, during the pleasure of the parties to these presents." This deed was duly recorded, and thereupon Hopper took possession of the lot therein described. On the 26th of December, 1865, Baxter executed to the defendant, the Petaluma Gas Company, a deed purporting to convey to the company all of the remaining portion of said lot (being the easterly portion), together with " the right of way over and along a strip of ground twenty feet wide and one hundred and eighty feet long, lying on the northerly side of lot 4." Access cannot be had from Main street to said easterly portion of the lot except by passing over that portion of it described in the deed to Hopper, or over one or both of the contiguous lots, neither of which has ever belonged to either of the parties to this action, or to the grantors of either.

From the 10th day of July, 1866, the defendant gas company has held the exclusive possession of that portion of the

lot described in its deed from Baxter. On the 1st of March, 1867, Congress passed the following act:

" An act to quiet title to land in the towns of Santa Clara and Petaluma, in the State of California.

" *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That all the right and title of the United States to the land situated within the corporate limits of the towns of Santa Clara and Petaluma, in the State of California, as defined in the acts of the Legislature of that State incorporating said towns, be and the same are hereby relinquished and granted to the corporate authorities of said towns and their successors, in trust, for and with authority to convey so much of said land as is in the *bona fide* occupancy of parties upon the passage of this act, by themselves or tenants to such parties; *provided,* that this grant shall not extend to any reservation of the United States, nor prejudice any valid adverse right or claim, if such exists, to said land, or any part thereof, nor preclude a judicial examination and adjustment thereof."

On the 30th of September, 1867, Hopper being in possession under Baxter of that portion of lot 4, block A, described in the deed executed to him by Baxter, received from the trustees of the city of Petaluma a conveyance of said land; and on April 7th, 1877, he conveyed the same     1 to the plaintiff, from which date the plaintiff has been ir     xclusive possession.

It is the right of way over the northerly strip of this land which forms the subject of dispute in the present case.

There can be no doubt that such right of way exists in favor of the gas company, unless the Act of Congress, and the proceedings had thereunder, have destroyed it; for the right was expressly reserved in the deed from Baxter to Hopper, and was afterwards conveyed to the company by Baxter, together with the easterly portion of the lot. The question therefore is, Was this easement destroyed by the Act of Congress, and the conveyance from the city in pursuance of it? We agree with the learned judge who tried the cause in the Court below, that the act " clearly intended to perpetrate and not to destroy existing possessory rights — not only the tangible occupancy, but all rights in the land acquired by virtue of the occupancy, includ-

ing easements. It operated by way of release, and fed the possessory right in title." As was also justly observed by him, it was by reason of the possession derived from Baxter that the plaintiff's grantor became the *bona fide* occupant of the lot, and so a beneficiary of the Act of Congress. Receiving the benefit, he took *cum onere.*

Judgment affirmed.

McKINSTRY, J., and McKEE, J., concurred.